UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALBERTO CARO TORRES, | ) | |
| Petitioner, | ) | 2:11-cv-00854-KJD-RJJ |
| vs. | ) | |
| | ) | **ORDER** |
| D.W. NEVENS, *et al.,* | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss. (ECF No. 10.) Petitioner has opposed the motion (ECF No. 17), and respondents have replied (ECF No. 18.)

**I.      Procedural History and Background**

On July 31, 2007, petitioner, Alberto Caro Torres, was convicted in the Second Judicial District Court for the State of Nevada ("District Court") in case number CR07-1407, by way of guilty plea, of one count of burglary. (Exhibits to Mot. to Dismiss Ex. 1, ECF No. 11.) Department 8 of the District Court sentenced petitioner to a term of 28 months to 72 months in the Nevada State Prison, with credit for 101 days of time served. (*Id*.)

On December 7, 2007, petitioner was convicted in District Court in case number CR07-0478, by way of guilty plea, of one count of assault with a deadly weapon. (*Id*. Ex. 2.) Department 3 of the District Court sentenced petitioner to a term of 12 to 30 months in the Nevada State Prison, with credit for 39 days of time served. (*Id*.) The District Court ordered the sentence in case number CR07-0478 to be served consecutively with the sentence imposed in case number CR07-1407. (*Id*.)

Petitioner dispatched his petition for writ of habeas corpus to this court on April 7, 2011. (ECF No. 5.) In his petition, petitioner challenges his conviction in case number CR07-1407. Respondents move to dismiss the petition, arguing that petitioner is no longer in custody for the burglary conviction from case number CR07-1407, and thus, this court lacks jurisdiction to consider the petition.

## II. Custody Requirement

Federal habeas corpus law permits prisoners to challenge the validity of convictions for which they are "in custody." *See* 28 U.S.C. § 2254(a). Because custody is a statutory jurisdictional prerequisite, a federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing the petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). Custody is determined at the time the petition is filed. *See Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). The custody requirement is satisfied if the petitioner is in "custody" when the petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238-39 (1968). As a general rule, a petitioner is no longer in custody for purposes of asserting federal habeas jurisdiction where the sentence imposed has fully expired prior to the filing of the federal petition. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 492 (1989); *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999). However, in *Garlotte v. Fordice*, 515 U.S. 39 (1995), the United States Supreme Court held that a habeas petitioner serving consecutive sentences is in custody under an earlier expired consecutive sentence until all of the consecutive sentences have expired, such that he can challenge an earlier expired consecutive sentence while serving later consecutive sentences. A court should not disaggregate a petitioner's sentences, but rather should "comprehend them as composing a continuous stream." *Id*. at 40.

Respondents contend that *Garlotte* is not applicable to this case because *Garlotte* is factually

1  distinguishable and inconsistent with the principles of finality and comity underlying the Antiterrorism
2  and Effective Dealth Penalty Act of 1996. According to respondents, unlike the petitioner in *Garlotte*,
3  petitioner's sentences, here, were not aggregated for the purpose of determining parole eligibility and
4  petitioner was sentenced by two different judges at two different times.

5        The court finds respondents' argument unpersuasive. Although it is an open question in the
6  Ninth Circuit, both the Third Circuit Court of Appeals and the Tenth Circuit Court of Appeals have held
7  that *Garlotte* applies to petitioners serving consecutive sentences imposed by different courts of the same
8  sovereign at different times. *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005); *Brown v.*
9  *Warden*, 315 F.3d 1268, 1270 (10th Cir. 2003); *Foster v. Booher*, 296 F.3d 947, 950 (10th Cir. 2002).
10  In *Foster*, the Tenth Circuit concluded that declining to apply *Garlotte* to such circumstances "runs
11  against the law of the Supreme Court." *Foster*, 296 F.3d at 950 (discussing *Maleng v. Cook*, 490 U.S.
12  488 (1989); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1974); and *Peyton v. Rowe*, 391 U.S.
13  54 (1968)). In *Defoy*, the Third Circuit reasoned that a prisoner is required to serve the remainder of
14  his first consecutive sentence before serving the second, and thus, "[t]he effect of any error as to the
15  former was to delay the start of the latter." *Defoy*, 393 F.3d at 442. According to the *Defoy* court,
16  because any remedy granted to a petitioner on the first sentence might affect his release date for the
17  second sentence, his petition challenging the first sentence is not moot under *Garlotte. Id*.

18        Furthermore, the *Foster* court found that any attempt to distinguish *Garlotte* on its facts ignores
19  the language in *Garlotte* that "sets out a clear and broad rule that [a court] must 'view consecutive
20  sentences in the aggregate, not as discrete segments.'" *Foster*, 296 F.3d at 950. In sum, in *Foster*, the
21  Tenth Circuit determined that "[t]here is no indication in the language of *Garlotte* that these principles
22  are or should be limited to the particular facts that the Court was faced with in that case." Here, this
23  court adopts the reasoning and the conclusion reached by the Third Circuit and the Tenth Circuit and
24  applies *Garlotte* to this case, even though petitioner's sentences were imposed by two different judges
25  at two different times. Accordingly, because petitioner is currently in state custody pursuant to a
26  sentence imposed consecutively to the state conviction he challenges in his petition, he is "in custody."

Thus, the court has jurisdiction to consider the petition and denies respondents' motion to dismiss.

### III.   Other Pending Motions

Petitioner moves for an order denying respondents' motion to dismiss. (ECF No. 17.) The court grants this motion, in part, because the instant order denies respondents' motion to dismiss. However, to the extent petitioner seeks a judgment on the pleadings under Fed. R. Civ. P. 12(c), the court denies the motion. As correctly stated by respondents, under Rule 5 of the Rules Governing Section 2254 cases, they are entitled to answer the merits of the petition. Because an answer is a pleading, and Fed. R. Civ. P. 12(c) only applies "[a]fter the pleadings are closed," Fed. R. Civ. P. 12(c) is inapplicable.

Petitioner also moves for the appointment of counsel. (ECF No. 9.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex, and petitioner has shown that he is capable of presenting his claims and arguments in a relatively clear and organized fashion. Therefore, it does not appear that counsel is justified in this instance.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for order denying respondents' motion to dismiss (ECF No. 17) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall have **forty five (45) days** from the date of entry of this order within which to answer the petition.

**IT IS FURTHER ORDERED** that petitioner shall have **forty five (45) days** after service of the answer to file and serve a reply

DATED: September 25, 2012.

_____
UNITED STATES DISTRICT JUDGE