UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALBERTO CARO TORRES,

    Petitioner,                      2:11-cv-00854-KJD-NJK

vs.                                         **ORDER**

D.W. NEVENS, *et al.*,

    Respondents.

        This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

        On January 16, 2013, respondents filed an answer to the petition. (ECF No. 31). Concurrent with the filing of the answer, respondents brought a motion for leave to file a document under seal. (ECF No. 35). Respondents seek to file under seal a presentence investigation (PSI) report containing confidential information regarding petitioner. (ECF No. 35). Respondents did not file the presentence investigation report under seal for *in camera* review, but instead filed a sealed index of exhibits, listing Exhibit 67 as the presentence investigation report. (ECF No. 36).

        There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and*

1  *County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*,
2  331 F.3d 1122, 1134 (9th Cir. 2003).  The court has inherent power over its own records and files,
3  and access may be denied where the court determines that the documents may be used for improper
4  purposes." *Nixon v. Warner Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430,
5  1433-34 (9th Cir. 1995); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.
6  2006).

7        The Ninth Circuit distinguishes between dispositive and nondispositive pleadings and
8  motions in terms of the showing required to seal a document.  For a document filed with a
9  dispositive motion, "compelling reasons" must be shown to justify sealing the document.  *Kamakana*
10  *v. City and County of Honolulu*, 447 F.3d at 1179-89.  In contrast, for documents filed with non-
11  dispositive motions, a "good cause" showing will suffice to keep the records sealed.  *Id.*  This is
12  based on the reasoning that the public has less need for access to records that are merely tangentially
13  related to the underlying cause of action.  *Id.* at 1179.  A showing of good cause generally requires a
14  specific description of the particular document(s) sought to be sealed and a showing that disclosure
15  of such documents would work a "clearly defined and serious injury."  *Pansy v. Borough of*
16  *Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994).  Where good cause is shown for a protective order, the
17  court must balance the potential harm to the moving party's interests against the public's right to
18  access the court files.  *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89.

19        Respondents seek to file the presentence investigation report of petitioner under seal, which
20  is to be filed in support of the answer.  (ECF No. 36).  The answer is a dispositive document, and
21  therefore respondents must show "compelling reasons" to keep the document sealed.  *Kamakana v.*
22  *City and County of Honolulu*, 447 F.3d at 1179-89.  In the instant case, the presentence investigation
23  report contains confidential information concerning petitioner, as defined under NRS 176.156.  On
24  balance, the potential harm to both respondents' and petitioner's interests outweighs the public's

25

26

right to access the presentence investigation report.  Respondents have made an adequate showing of compelling reasons to file the presentence investigation report of petitioner under seal.

**IT IS THEREFORE ORDERED** that respondents' motion to file under seal petitioner's presentence investigation report and the index of exhibits of the same (ECF No. 35) is **GRANTED.**

**IT IS FURTHER ORDERED** that within **fifteen (15) days** of the date of entry of this order, respondents **SHALL FILE** petitioner's presentence investigation report **UNDER SEAL.**

**IT IS FURTHER ORDERED** that upon receipt of petitioner's presentence investigation report, the Clerk of Court **SHALL FILE** the report **UNDER SEAL**.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL KEEP UNDER SEAL** the index of exhibits at ECF No. 36.

DATED: January 22, 2013

_____
UNITED STATES DISTRICT JUDGE